24-2393-cv
*Maltese v. Brown*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand twenty-six.

Present:

> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> *Circuit Judges*.

---

MARYANN MALTESE,

> *Plaintiff-Appellant*,

v.                                                                 24-2393

KEITH BROWN, NEW YORK STATE
ASSEMBLYMAN,

> *Defendant-Appellee.**

---

For Plaintiff-Appellant**:**                 MARYANN MALTESE, *pro se*, East
                                                            Northport, NY

For Defendant-Appellee:                  KARTIK NARAM, Assistant Solicitor
                                                            General, Barbara D. Underwood, Solicitor
                                                            General, Mark S. Grube, Senior Assistant
                                                            Solicitor General, *for* Letitia James,

---

\* The Clerk of the Court is respectfully directed to amend the caption.

Attorney General for the State of New York, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Rachel P. Kovner, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In three appeals being heard in tandem, Maryann Maltese, proceeding *pro se*, appeals from the dismissals of her complaints against various New York State officials and agencies in "*Maltese I*" and "*Maltese III*" and New York City officials and agencies in "*Maltese II*."[1]

## I. Factual Allegations

In *Maltese I*, Maltese asserted claims against New York State Assemblyman Keith Brown.[2] In her hand-written complaint, Maltese stated that she was employed by the New York State Legislature from 1992 to 2013, and that after she retired, she was not issued a pension out of negligence. For relief, Maltese sought 31 years of "retroactive corrective earnings with tort interest," to be awarded a J.D. or master's degree (or both), and $30,000 in legal fees. Compl. at 6, doc. 1, *Maltese I*.

---

[1] "*Maltese* I" is this Court's case number 24-2393. "*Maltese* II" is this Court's case number 24-2381. "*Maltese* III" is this Court's case number 24-2378.

[2] In this action, Maltese also asserted claims against Ken Morgulles, Brian Shenker, Jeff Izzo, and James Izzo. However, the district court dismissed her claims against these defendants for failure to serve. Because Maltese does not challenge the dismissal of these defendants on appeal, she abandons any related arguments, and we decline to address any claims against these defendants further. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

In *Maltese II*, Maltese brought claims against New York City Mayor Eric Adams, the New York City Office of Labor Counsel ("OLC"), and OLC Commissioner Renee Campione (collectively, the "City Defendants"). In her complaint, Maltese asserted that between January and March 2020, a New York City Deferred Compensation Plan retirement account she inherited from her former spouse suffered $40,000 in losses because Campione and her employees failed to adhere to a presidential executive order relating to COVID-19. For relief, Maltese sought the return of an alleged $40,000 loss, plus interest and legal fees, as well as "interest and penalties for 3 years of non-accountability." Compl. at 5, doc. 1, *Maltese II*.

In *Maltese III*, Maltese asserted various claims against New York State Governor Kathy Hochul, New York State Assemblyman Keith Brown, New York State Senator Mario Mattera (collectively, the "State Defendants"), and the New York State Board of Elections. In her complaint, Maltese alleged that she was intentionally denied access to a judicial election ballot in a 2020 special election due to "gender bias" and a conspiracy between Assemblyman Brown and the New York Independence Party. Compl. at 4–5, doc. 1, *Maltese III*. In this complaint, Maltese did not specify what relief she is seeking.

## II.    Motions to Dismiss

The Office of the New York State Attorney General responded on behalf of Assemblyman Brown in *Maltese I*, and Governor Hochul, Assemblyman Brown, and State Senator Mattera in *Maltese III*.[3] The State Defendants filed a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), and lack of subject matter

---

[3] Prior to the State Defendants' filing their motions to dismiss, the district court had already dismissed the New York State Board of Elections as a party after Maltese failed to show cause as to why it should not be dismissed on sovereign immunity grounds. We address whether the Board of Elections was properly dismissed below.

jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). The State Defendants argued that they were entitled to state sovereign immunity as recognized by the Eleventh Amendment for claims against them in their official capacities, that the claims against Assemblyman Brown and State Senator Mattera were barred by absolute legislative immunity, and that Maltese had otherwise failed to state a claim.

The Corporation Counsel of the City of New York responded on behalf of the City Defendants in *Maltese II*. The City Defendants similarly moved to dismiss Maltese's complaint on both Rule 12(b)(1) and Rule 12(b)(6) grounds asserting not only that Maltese's claims were barred by *res judicata* and collateral estoppel, but also that the district court lacked subject matter jurisdiction.

### III.     District Court's Order Granting Motions to Dismiss

The district court granted the motions to dismiss in *Maltese I*, *II*, and *III*. In *Maltese I* and *III*, the district court dismissed the claims against the State Defendants as barred by state sovereign immunity or, in the alternative, for failure to state a claim. The district court dismissed the claims against the City Defendants in *Maltese II* for lack of subject matter jurisdiction. On appeal, Maltese challenges all three dismissals and makes a motion to "accept evidence," a motion for financial losses, the return of her financial holdings and personal property, and requests that this Court order the district court to hold a hearing. We assume the parties' familiarity with the case.

4

### IV. Standard of Review

We review *de novo* a district court's grant of a motion to dismiss. *Kellogg v. Nichols*, 149 F.4th 155, 159 (2d Cir. 2025).[4] A complaint must be construed liberally, with all factual allegations accepted as true, and all reasonable inferences drawn in the plaintiff's favor. *See Clark v. Hanley*, 89 F.4th 78, 90–91 (2d Cir. 2023). Even so, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Maltese "has been *pro se* throughout, h[er] pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).[5]

### V. Claims Against the State Defendants

To the extent that Maltese asserts claims against the State Defendants in their official capacities, the district court properly dismissed those claims as barred by state sovereign immunity. "[T]he Supreme Court has 'understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition of our constitutional structure which it confirms: that the States entered the federal system with their sovereignty intact; that the judicial authority in Article III is limited by this sovereignty; and that a State will therefore not be subject to suit

---

[4] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

[5] In *Maltese III* , Maltese brought her claims against the State Defendants pursuant to 42 U.S.C. § 1983. Construing all of Maltese's *pro se* filings to raise the strongest claims they suggest, we interpret her complaints in *Maltese I* and *II* to also bring claims under § 1983. Additionally, because Maltese does not specify in any of her three complaints whether the claims she is asserting against the State and City Defendants are in their official or individual capacities, the complaints are liberally construed as asserting claims against all Defendants in both their individual and official capacities.

in federal court unless it has consented to suit.'" *Baroni v. Port Auth. of N.Y. & N.J.*, No. 23-916, 2025 WL 3454810, at \*5 (2d Cir. Dec. 2, 2025). "It has long been settled that state sovereign immunity precludes not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Id.* at \*6. It therefore "generally bars suits in federal court by private individuals against non-consenting states," *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015), and extends further "to state agents and state instrumentalities that are, effectively, arms of a state," *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). Here, all the State Defendants qualify as state agents and thus may be protected by state sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (finding that a lawsuit against officials of a government entity in their official capacities are "in all respects other than name" treated as a suit against the entity itself).

To be sure, "a plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for prospective injunctive relief from violations of federal law." *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007). But Maltese did not seek prospective injunctive relief or allege ongoing violations of federal law in either *Maltese I* or *III*; she instead sought 31 years of retroactive corrective earnings, a J.D. degree, and $30,000 in legal fees. None of that relief can be described as prospective or related to an ongoing violation of federal law. Accordingly, Maltese's claims against the State Defendants in their official capacities are barred on state sovereign immunity grounds.[6]

---

[6] The district court properly dismissed the New York State Board of Elections on sovereign immunity grounds, as it is a state instrumentality and Maltese failed to allege any facts in her complaint that the Board was committing ongoing violations of federal law.

6

Turning to Maltese's claims against the State Defendants in their individual capacities, these claims fail to state a cause of action. In *Maltese I*, Maltese alleged that Assemblyman Brown failed to introduce legislation concerning her pension, and in *Maltese III*, she appears to assert that she was the victim of discrimination and gender bias and was intentionally denied access to a 2020 election ballot. To successfully advance a claim against the State Defendants in their individual capacities, "a plaintiff must plead that each Government–official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). It is not enough to simply name the defendants in the complaint. *See Tangreti v. Bachmann*, 983 F.3d 609, 612 (2d Cir. 2020); *see also Patterson v. County of Oneida*, 375 F.3d 206, 229 (2d Cir. 2004) (finding that "a plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity").

Here, Maltese fails to allege that Governor Hochul or Senator Mattera had any involvement with her pension or her access to the ballot; Maltese, therefore, has failed to state a claim against either of them in their individual capacities. And although Maltese does allege that Assemblyman Brown participated in a conspiracy against her, "[i]t is well settled that claims of conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011). The complaint alleges no facts suggesting that Assemblyman Brown participated in any conspiracy, so Maltese similarly fails to state a claim against him. Accordingly, the district court correctly dismissed all claims against the State Defendants in their individual capacities.

7

## VI.     Claims Against the City Defendants

In *Maltese II*, the district court dismissed the complaint against the City Defendants for lack of subject matter jurisdiction, but because we review *de novo* the district court's grant of a motion to dismiss, we may affirm on any ground supported by the record.  *See Jusino v. Fed'n of Cath. Teachers, Inc.*, 54 F.4th 95, 100 (2d Cir. 2022).  We affirm the district court's dismissal of the claims against the City Defendants on the ground that Maltese failed to state a claim against them.  Maltese offers no facts in her complaint that raise her right to relief above the speculative level.  *Twombly*, 550 U.S. at 555.  The complaint in *Maltese II* is almost entirely composed of "mere conclusory statements," which the Supreme Court has consistently held is insufficient to establish a cause of action.  *Iqbal*, 556 U.S. at 678.  Thus, Maltese has failed to state a claim against the City Defendants, and any such claims against them were properly dismissed.

*       *       *

We deny all of Maltese's pending motions.  We have considered all of Maltese's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8